```
           IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION
```

TARRANT DIALYSIS CENTERS, INC.,   §
                                  §
       Plaintiff,                 §
                                  §
VS.                               §   NO. 4:04-CV-618-A
                                  §
CORESOURCE, INC., ET AL.,         §
                                  §
       Defendants.                §

## MEMORANDUM OPINION
## and
## ORDER

Came on for consideration the motion of defendant Coresource, Inc. ("Coresource") for summary judgment. Plaintiff, Tarrant Dialysis Centers, Inc., has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted in part.

## I.

## Plaintiff's Claims

On July 22, 2004, plaintiff filed its original petition in the 342nd Judicial District Court of Tarrant County, Texas. The action was brought before this court by notice of removal filed August 26, 2004. On February 14, 2005, having first obtained leave of court, plaintiff filed its complaint, adding claims against defendant Teleplan Holdings USA, Inc. ("Teleplan").

Plaintiff alleges that it provided kidney dialysis treatment for a patient participant in a welfare benefit plan sponsored by Teleplan and administered by Coresource. Coresource promised

that plaintiff would be paid if it continued to provide treatment to the patient.  Eventually, Coresource entered into a written contract to pay outstanding charges at a negotiated discount.  Nevertheless, plaintiff has not been paid for the services it provided.

Plaintiff asserts claims against Coresource under the Texas Insurance Code, Arts. 21.55, 21.21, and 20A.18, for breach of contract and quantum meruit, for fraud and misrepresentation, and for unjust enrichment.

## II.

## Grounds of the Motion

Coresource urges four grounds in support of its motion for summary judgment.  First, plaintiff's state law claims of breach of contract and violations of Arts. 21.55 and 21.21 of the Texas Insurance Code relate to an ERISA plan and are preempted by ERISA.  Second, under ERISA, Coresource did not abuse its discretion in denying payment of the medical benefits claims.  Third, Coresource is not a proper party to an action to recover benefits under ERISA.  And, fourth, the remaining state law causes of action fail because (a) Art. 20A.18 does not apply to PPO plans, such as the one at issue; (b) the quantum meruit claim fails inasmuch as no services were rendered to or accepted by Coresource; (c) the unjust enrichment claim fails inasmuch as there is no such separate cause of action, no benefits were conferred on Coresource, and the claim is otherwise barred by limitations; and (d) the misrepresentation and fraud claims fail

2

inasmuch as plaintiff cannot prove the essential elements of its claims and such claims are otherwise barred by limitations.

### III.
### Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its]

3

claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

The standard for granting a summary judgment is the same as the standard for rendering judgment as a matter of law. Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597. See also Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

IV.

Undisputed Evidence

The following is an overview of evidence pertinent to the motion for summary judgment that is undisputed in the summary judgment record:

The patient to whom services were rendered was a covered spouse under a group health plan sponsored and maintained by Teleplan. Teleplan established and maintained the plan and contributed to the payment of premiums for its eligible employees. The plan was self-funded by Teleplan. From

4

September 1, 2000, to October 31, 2004, Coresource performed claims administration services on behalf of Teleplan under the plan and adjudicated claims in accordance with the terms of the plan, including the claims of the patient at issue in this case. Coresource did not insure the plan, but rather performed third-party claims administration services on behalf of Teleplan. Coresource was not the insurer, plan administrator, or plan sponsor.  Coresource is not an insurance company or the source of payment of any benefits under the plan.

The plan, a "comprehensive PPO plan," offered several options to eligible employees.  The patient's spouse elected the "network plan option" under the plan that offered high-level coverage for most covered services if a network provider rendered the treatment, but provided no benefits if the provider was not a network provider.  Plaintiff was not a network provider under the plan for the time between August 1, 2001, and March 20, 2003, when treatment was rendered to the patient.  No benefits were payable under the plan to plaintiff for the services rendered.

V.

Discussion

The summary judgment evidence establishes that the plan at issue is an employee welfare benefit plan, as defined by 29 U.S.C. § 1002(1).  Meredith v. Time Ins. Co., 980 F.2d 352, 355 (5th Cir. 1993).  Moreover, the plan falls outside the safe harbor provisions. Gahn v. Allstate Life Ins. Co., 926 F.2d 1449, 1452 (5th Cir. 1991).  Accordingly, ERISA preempts any

5

state law claims brought by a plan beneficiary or by a third-party health care provider bringing a derivative action based on assignment of the beneficiary's claims. See Shaw v. Delta Airlines, Inc., 463 U.S. 85, 98 (1983); Dowden v. Blue Cross & Blue Shield of Tex., Inc., 126 F.3d 641, 643 (5th Cir. 1997); Saint Luke's Episcopal Hospital Corp. v. Stevens Transport, Inc., 172 F. Supp. 2d 837, 841 (S.D. Tex. 2000).  However, ERISA does not preempt claims that are not dependent on or derivative of a beneficiary's right to recover under an ERISA plan.  Transitional Hospitals Corp. v. Blue Cross & Blue Shield of Tex., Inc., 164 F.3d 952, 955 (5th Cir. 1999); Saint Luke's 172 F. Supp. 2d at 841.

 In this case, plaintiff's common law claims are not preempted by ERISA inasmuch as plaintiff does not purport to bring them as assignee of the patient's claims.  Nevertheless, Coresource is entitled to judgment on each of the claims, except that for breach of contract, since a ground of its motion for summary judgment is that plaintiff cannot prove each of the elements of the non-contract common law claims.  Plaintiff has not come forward with any evidence to establish a fact issue as to each element of its claims for quantum meruit, fraud, and misrepresentation.  (As Coresource notes, quantum meruit and unjust enrichment are not separate causes of action. See Barnett v. Coppell N. Tex. Ct. Ltd., 123 S.W.3d 804, 816-17 (Tex. App.--Dallas 2003, pet. denied)).

As for the claims made under the Texas Insurance Code, Coresource has shown that it is entitled to judgment as a matter of law that plaintiff take nothing. First, article 21.55 is applicable only against insurers and does not apply to Coresource. Tex. Ins. Code Ann. Art. 21.55, § 6 (Vernon Supp. 2005). Likewise, article 20A.18 applies only to health maintenance organizations and is not applicable here. And, plaintiff's claims under article 21.21 are necessarily dependent on the claims of the patient and are preempted by ERISA. Saint Luke's 172 F. Supp. 2d at 843-44.

VI.

Order

For the reasons discussed herein,

The court ORDERS that Coresource's motion for summary judgment be, and is hereby, granted in part; that plaintiff take nothing on its claims against Coresource except for the claim for breach of contract; and that such claims, excluding the claim for breach of contract, be, and are hereby, dismissed with prejudice.

SIGNED May 17, 2005.

    /s/ John McBryde
JOHN McBRYDE
United States District Judge